Our next case this morning is Sharif v. Stevens. We're having some technical problems here. They're, they appear to be working on it. Mr. Are we ready to go. Yes. Here to be Mr. Westberg or Weisberg is it Weisberg. Yes. Good morning, Your Honor, our real Weisberg, on behalf of the talents in this case, Richard Sharif, the counter plaintiff and appellant and the estate of slide what are the intervener, the plaintiff, and the appellant. The first is, if it may please the court. The. The fact is that there are three issues that were presented on appeal here. The first issue is whether the district courts amended judgment for attorneys fees against the appellant, the state of slide what are violates procedural due process of the. The brief that I filed argue that there was no due process, and thus, that judge Durkin was incorrect in allowing a judgment against the estate of what tower which I will either call the estate, or the estate of what's our in the appellants. Excuse me in the appellees brief. This issue was conceded, Your Honor, and thus, I do not believe that there's any reason to argue further on that particular point, specifically, the issue was conceded . A quote from page 31 the summary of arguments Stevens does not oppose Sharif's argument that the $150,000 award award in favor of Sharif and against the estate of slide what are should be vacated. Once again, page 31. The next two issues are more contentious. However, you have the issue as to whether or not Mr Stevens negligently failed to tender documents to opposing counsel in a bankruptcy adversary proceeding, which resulted in a default order that found a trust belonging to the intervener appellant the estate of. So I would tar was Mr Sharif alter ego. And then the other issues whether Mr Stevens negligently failed to raise the stern versus martial jurisdictional objection in his opening brief on appeal rather than raising it for the first time in his replied brief. I'm going to take the second issue. First, and the fact is that the Seventh Circuit, in my opinion, is the expert in this case, when I ask you this question, Mr Weisberg. Yes, ma'am. Question about this part. Um, are you contending that there was an attorney client relationship between the estate and Mr Stevens or was the attorney client relationship only between Mr Sharif and Mr Stevens. So that's an excellent question. The fact is that there was an attorney client relationship with the estate on the appeal. The estate was not a party to the adversary proceeding the wellness versus Sharif case that was pending in the bankruptcy court before Judge Cox bankruptcy Judge Cox, it was only on the appeal as an intervener that the estate. First got involved in the case. And there's no question that Mr Stevens filed an appearance on behalf of the state and was advocating on behalf of the state. Should I continue your yes, you can continue. I mean, because actually on this actually I will say one other thing. On this point, there were aspects of the malpractice claim, with which the district court agreed with you but in the end, felt that you had failed to show that any negligence that Mr Stevens may have been guilty of would not have caused you any injury and I think I would be helpful for me for you to focus on that. Absolutely. So what happened was that there was an appeal person district court from the adversary proceeding. And then there was an appeal to the Seventh Circuit, and what happened was that Mr Stevens did not raise the issue of jurisdiction in the via this is Marshall import case. He did not raise the lack of jurisdiction, and specifically that the estate of so what had not consented to the jurisdiction of the bankruptcy court until he fired or filed a reply brief. What happened was that the case, then start that then the Seventh Circuit actually agreed and entered an order vacating the default judgment entered by Judge Cox on July 6 2010. The case then went up to the Supreme Court and as part of that famous wellness case, having to do with the jurisdiction of the bankruptcy court as it relates to fraudulent conveyance and alter ego cases involving third parties. What happened was that the Supreme Court found that the jurisdictional right was not constitution constitution. We remember this. Of course, it was an important holding for jurisdiction by consent. But the judge then goes around and says in order to succeed on the malpractice claim, Sharif must prove that if Stevens had properly raised the stern argument, he would have avoided the judgment imposed by the bankruptcy court. Sharif expert offers no opinion on this, and then the judge goes on to review what else happened. And he says, actually, unlike the usual malpractice claim, I know what these other courts would have done, and I happen to agree with them independently that there was that there was no problem. So that's the problem. It's a factual finding. Well, I don't think the problem is as great as relates to the state. I think it might be potentially greater as relates to Mr Sharif. I'm not going to concede that there wasn't an issue on a case within a case as relates to Mr Sharif. But as it related to the state, it was clearly a jurisdictional issue. And the fact is, if you look at the order that was entered by the Seventh Circuit on August 4th, 2015, it specifically says that in his opening brief, Sharif passed up any opportunity to argue that stern required an article three judge to enter judgment on the alter ego claim. But, you know, in the end, though, when all is said and done, the judge, the district judge Durkin here says, and since so what we worked all the way through this article three stuff, but now there's been a redo and we all know what the proper judges with the proper authority think. And I'm an independent judge and I'm looking at it and I agree with them. Yeah, but the thing is that if you focus on the fact that the order had been vacated by the Seventh Circuit, but for the fact that Mr Stevens didn't plead or assert the jurisdictional issue until his reply brief, that's the malpractice. And that's what the Seventh Circuit stated in its order of August 4th, 2015. And that relates directly to the claims of the estate. The estate, when the Seventh Circuit first entered its order in the case, they agreed that the Judge Cox's default order should be vacated. And it would have remained that way. And it's clear from the order of August 4th, 2015, that the Seventh Circuit would have agreed that it would remain that way, but for the fact that it was only raised in a reply brief. And my point is, you know, when did jurisdiction become an afterthought in the federal court? You know, when is it okay, you know, according to Judge Durkin to, you know, excuse the fact that, you know, you raise jurisdictional issues and reply brief when jurisdictional issues are at the forefront of any proceeding in federal court. No, I agree. It's not like it's okay. But what the court is saying is that once it was all detected and fixed, the result remained the same. But that's not, that can't even be true. And the reason why it can't be true is because the status quo was that the order, Judge Cox's default order, had been vacated. And but for the fact that Mr. Stevens didn't raise the jurisdictional issue properly, the Seventh Circuit had to enter a second order to change that and say, well, you know, it's a personal right. You blew it, basically. And we're not going to allow the default order to stand. Okay, so that's the problem. It's that the status quo before wellness went up to the Supreme Court was the order by Judge Cox for the default had been vacated. Okay, so if the court has more questions, I have about 36 seconds. I'd rather answer questions. No. Okay, so, so the fact is that I don't understand Judge Durkin's approach to malpractice as it relates to the first issue, namely, the issue of non-compliance with discovery. You know, I do not believe the standard Illinois under any circumstances is that a lawyer should be a passive lawyer, that a litigator must be a passive litigator. Quite the opposite. The lawyer has an obligation to not allow his client to fail. And here, Judge Durkin took a standard of a passive lawyer and allowing the client to fail. And if you look at the seminal dates here, Judge Cox's order was entered on February 10, 2010. Mr. Shareef's deposition didn't even occur for three months later. And Mr. Stephens had plenty of time to get the documents between then and then he had plenty of time to get documents to before the judge entered the order on July 6, 2010. Mr. Weisberg, your time has expired. Thank you, Chief Judge. Thank you. Mr. Pookland. May it please the court. Good morning, Your Honors. My name is Brad Pookland. I represent William Stephens in this matter. Briefly, I'd like to address a factual issue that was just raised. Before you jump in, if we could just confirm the concession, you agree that there's an error in the judgment? We are not contesting the judgment as to the estate only. Right. So there's an error in the judgment that needs to be corrected. Correct. The judgment for attorney's fees is not against the estate.  Okay. Thank you. I'd just like to correct a quick factual issue. When that discovery was issued in February and this motion is filed in April, the record will demonstrate that Mr. Shareef didn't tell Mr. Stephens that he was going to Syria. Mr. Stephens could not reach him. So there is some delay there, or not delay, but inability to reach Mr. Shareef in time to respond. But I'd like to focus briefly on the standard of care or standard of review here, because I'm not quite clear from the reply brief whether that's conceded. It looks like from the reply brief that Mr. Shareef is arguing that the standard of review for the standard of care is not clear error, because according to him, there was no disputed fact. But there absolutely was. The disputed fact was whether Mr. Stephens gave the documents to opposing counsel. Mr. Stephens said he did. Mr. Shareef said he didn't. The court made a decision weighing the conflicting testimony. And that's exactly the sort of credibility determination that is subject to clear error and would be very difficult to prove clear error, because that is almost never clear error when based on the court's firsthand observation of the demeanor of the parties. Turning to causation, which seems to be the focus today, the district court correctly held that Mr. Shareef didn't meet his burden as a plaintiff in a legal malpractice case to prove that he would have won the case, but for Mr. Stephens' conduct. And what that means under these allegations is he had to prove that if Mr. Stephens had raised a Stern v. Marshall objection before an appeal, that would have led to vacating Judge Cox's dismissal order, and then two, going on to prevail in the underlying lawsuit, the adversary action filed by Wellness International. There's no expert testimony on either issue at trial, which I would argue by itself is fatal. There's no argument from Mr. Shareef on either issue at trial, which is a waiver. And there's no developed argument on either issue in the opening brief. The only thing raised on the reply is that Mr. Shareef argues that the idea that the district court would do anything other than vacate the sanctions order is a quote-unquote ridiculous argument. But there's nothing ridiculous about thinking that two courts, you know, two different courts presented with the same facts and the same law are more likely than not going to come to the same result. And the reason why is that even Mr. Shareef's expert can see that a Stern v. Marshall objection doesn't bring permanent relief. You still have to litigate the matter, but it may be converted to factual or recommended findings of fact and conclusions of law that the district court judge could review de novo. But Mr. Shareef at no time explains why that de novo standard would make a difference or what additional evidence would be presented. And it wouldn't make a difference because there's a significant record. All the facts are going to be the same. And I think it's worth deciding what those are briefly, that the movement seeking sanctions is saying, Judge, I was sued in 2005 in Texas. Mr. Shareef didn't pursue that claim. I had paid $655,000 judgment for attorney's fees. He appealed that and didn't prosecute it, resulting in a stern review from the Fifth Circuit. After that, he didn't respond to post judgment discovery, resulting in a contempt order by the district court in Texas. And then eventually, when Mr. Stevens met him, he's in custody because of the contempt order, and he's only released because he promises to produce these documents. But once he's released, he turns around and files bankruptcy in Illinois. So Council for Wellness International comes to Illinois and says, okay, I'll get the documents here. And it attends the creditors' meetings, which begin on March 25, 2009, almost 14 months before the sanction order, where Council for Wellness International says, we see that you don't have any assets reported in bankruptcy, but in 2002, you reported 5 million-plus assets on this loan application. Give us documents showing what happened to these. And that's continued from time to time until eventually the trustee has enough and files a motion for turnover of documents, which is granted on October 27, 2009, more than half a year before the motion for sanctions is even filed. And that motion for turnover, granted in October of 2009, is never complied with, even up to the time that the sanctions are issued. So Council for WIN files its own adversary action and seeks the same information that it's been trying to get through the creditors' meetings for almost a year. And under these facts, it's more than plausible that a reasonable court sitting in a district court's position would grant the motion when presented with these facts. And there is another basis for affirmance of the district court's order that it didn't need to reach because the failure to prove causation on the Stern issue was dispositive. But Mr. Sharif still had to prove that he would have won the alter ego claim. And given the complexity of that claim, he was required to present expert testimony on that because that's beyond the ken of a lay juror, and he didn't. And not only did he not present expert testimony, but Mr. Stevens presented unrebutted testimony from his own expert that the trusted issue was an alter ego and that Mr. Stevens would have not have prevailed in that case. So here, again, there's another dispositive issue that he failed to meet his burden of proof on that provides a basis for affirming the district court's order. There are a few issues raised in the reply that are new that I'd like to talk about with the case in the case. The first that appears to be raised is I think the words that he's looking for are possibly equitable estoppel, but they argue that Mr. Sharif can't argue on appeal or in the underlying case that there was no alter ego because he defended that position for Mr. Sharif. But so let me rephrase that. Mr. Sharif argues that since Mr. Stevens denied in the pleadings that there was an alter ego, that he now can't claim that there is an alter ego, but that's not the law. It cited, it actually happens to be in a case cited in our brief or Zell, O-R-Z-E-L. For example, in there, a personal injury attorney denied contributory negligence in the underlying action, but was held that he could assert contributory negligence in the legal malpractice action. The other issue raised by Mr. Sharif is that we failed, that Mr. Stevens has failed to demonstrate that there was an alter ego, but I would respectfully submit that that gets the burden of proof here backwards. Mr. Stevens as the plaintiff in the underlying case had to prove that he would have won on the alter ego claim. And he offered no evidence or argument about that issue. So he failed to meet his burden of proof. And then the last issue that Mr. Sharif raises in the reply with respect to the case within the case is that a 2002 settlement agreement from a divorce entered years before even the sanction order at issue would somehow be binding against an outside predator. And simply put, approval of a settlement and agreement in a divorce is not an adjudication on the merits and would not have served as a basis for defeating Wellness International's claim that the trust was an alter ego. And with that, I'm happy to take any questions that the panel may have. I think there are no questions for you. All right, well, on that basis, we ask that the district court's order be affirmed. All right, thank you very much. Our thanks to both counsel and the case is taken under advisement.